PAUL A. PURSER AND KATHLEEN PURSER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Purser v. Commissioner
Docket No. 22774-81.
United States Tax Court
T.C. Memo 1983-573; 1983 Tax Ct. Memo LEXIS 218; 46 T.C.M. (CCH) 1407; T.C.M. (RIA) 83573; September 15, 1983. Bonnie L. Cameron and Joan Domike, for the respondent. HAMBLEN
MEMORANDUM OPINION HAMBLEN, Judge: This case is before the Court on respondent's motion for partial summary judgment pursuant to Rule 121. [1]
Respondent determined deficiencies in petitioners' joint Federal income taxes and additions to tax with respect to the liability of petitioner Paul A. Purser (hereinafter "petitioner") only as follows: Addition to Tax, IRC 1954
Year
Deficiency
Section 6653(b)
1973
$30,181.08
$15,090.54
1974
39,507.98
19,753.99
*219 The only issue for determination on the present motion is whether petitioner is collaterally estopped from denying that parts of underpayments of income tax for the taxable years 1973 and 1974 are due to fraud and, therefore, that petitioner is liable for the additions to tax imposed by section 6653(b) on such understatements as finally determined. A hearing was held on respondent's motion at Washington, D.C., on September 7, 1983, pursuant to notice served on the parties July 27, 1983. No objections or affidavits have been filed by or on behalf of petitioners, nor appearance made by petitioners or their counsel at the hearing. Petitioner was indicted, pleaded not guilty, was tried and convicted before a jury for income tax evasion for the taxable years 1973 and 1974 under section 7201 in the criminal case of United States v. Paul A. Purser, Docket No. CR 80-139A, in the U.S. District Court for the Northern District of Georgia. On October 24, 1980, following the trial, the U.S. District Court for the Northern District of Georgia sentenced said petitioner to imprisonment for two years, which was suspended, and placed him on probation for a period of three years, which terms *220 were directed to run concurrently, for each of the years 1973 and 1974. Said petitioner also was fined $1,000 for each of such years and ordered to make restitution to the Internal Revenue Service in the amounts of $2,275.89 and $5,403.80, respectively, for the years 1973 and 1974. A review of the pleadings in this case, which are closed, indicates that there is no genuine issue as to any material fact concerning the conviction of petitioner for the years 1973 and 1974 under section 7201. It has long been established that a criminal conviction under section 7201 collaterally estops the person convicted from denying in subsequent civil proceedings that any understatements in income tax for the years for which he was convicted are due to fraud, and, consequently, that the additions to tax under section 6653(b) should be rightfully imposed on any understatements of income tax determined for such years. , affd. ; , cert. denied ; and , *221 cert. denied . We, therefore, grant respondent's motion and hold that petitioner is collaterally estopped from denying that parts of any underpayments of income tax for the taxable years 1973 and 1974, as may be finally determined, are due to fraud, and that he is liable for the additions to tax imposed by section 6653(b) on such underpayments, if any, for those years. An appropriate order will be issued.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years in issue.↩